Filed 7/13/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 135

Bruce W. Ackerman, Plaintiff and Appellant

v.

JoAnn N. Ackerman, Defendant and Appellee

No. 980386

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Randall L. Hoffman, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Lawrence P. Kropp, Kropp Law Office, 105 Tenth Street SE, Jamestown, N.D. 58401, for plaintiff and appellant.

Kent M. Morrow, Severin, Ringsak & Morrow, P.O. Box 2155, Bismarck, N.D. 58502-2155, for defendant and appellee.

Ackerman v. Ackerman

No. 980386

Sandstrom, Justice.

[¶1] Bruce W. Ackerman appeals from the judgment of the Southeast Judicial District Court awarding JoAnn Ackerman custody of the parties’ two minor children and denying interim child support.  The district court’s custody award is affirmed, but the judgment is reversed in part and remanded to include three weeks summer visitation for Bruce Ackerman and to award interim child support.

I

[¶2] Bruce W. Ackerman and JoAnn N. Ackerman were married on February 27, 1988, in Jamestown, North Dakota, and separated in October 1997.  In early December 1997, Bruce Ackerman filed for divorce.  The divorce was granted on November 23, 1998.  Two children were born during the parties’ marriage:  a son, born in 1990; and a daughter, born in 1992.

[¶3] JoAnn Ackerman is 32 years old and has a two-year college degree.  She is  employed part-time (about 30 hours per week) as a nurse’s assistant at St. Luke’s Nursing Home in Dickinson and makes approximately $750 per month.  She resides on a ranch near Killdeer.

[¶4] Bruce Ackerman is 46 years old and is employed on his family’s farm northeast of Jamestown and makes about $1,500 per month.  He has continued to reside in the parties’ former marital home since they separated in October 1997.

[¶5] Apart from JoAnn Ackerman’s visitations and summertime custodial period, the two children have resided with Bruce Ackerman in the parties’ former marital home in rural Jamestown since the parties separated and during the pendency of this action.  JoAnn Ackerman was the primary caretaker and custodian of the minor children from their births until the parties separated.  JoAnn and Bruce Ackerman experienced severe financial and other problems during the marriage, and both parties have trouble communicating.  JoAnn Ackerman has sought counseling and has spent time in the hospital for depression.

[¶6] Upon granting the divorce, the district court found it in the children’s best interests to be placed in the custody of JoAnn Ackerman.

[¶7] Bruce Ackerman appealed.  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

II

A

[¶8] Bruce Ackerman argues the district court erred when it awarded custody to JoAnn Ackerman.  A district court has substantial discretion in custody matters, and must award custody based on its determination of the best interest and welfare of the child.  
Hogue v. Hogue
, 1998 ND 26, ¶ 6, 574 N.W.2d 579; N.D.C.C. §§ 14-09-06.1 and 14-09-06.2.  A district court must apply the 13-factor “best interests” test.  N.D.C.C. § 14-09-06.2.  The district court does not, however, have to make specific findings for each factor, but should consider all relevant factors.  
Mertz v. Mertz
, 439 N.W.2d 94, 97 (N.D. 1989).  This Court has recognized the district court has a difficult choice to make in deciding custody between two fit parents.  
See
 
Weber v. Weber
, 512 N.W.2d 723, 727 (N.D. 1994).  A reviewing court will not retry a custody case or substitute its judgment for that of the trial court, if the district court’s determination is supported by evidence in the record.  
Schmidkunz v. Schmidkunz
, 529 N.W.2d 857, 859 (N.D. 1995).  A district court’s findings and judgment regarding child custody will not be reversed unless they are clearly erroneous.  
See
 
Gregg v. Gregg
, 1998 ND 204, ¶ 7, 586 N.W.2d 312 (citation omitted).

[¶9] The district court said its decision in this case was difficult because there were two good parents.  In its findings of fact, the district court discussed all 13 factors in the best-interests test of N.D.C.C. § 14-09-06.2.  Although the findings are not detailed and were rather short, the court considered them all and apparently relied on subsection “m,” which provides the court may consider “any other factors” in awarding custody.  The district court found JoAnn Ackerman to be “better equipped, able and willing to do everything necessary to facilitate the psychological relationship between the plaintiff and children.  This factor favors her.”  In a close decision between two equal parents, this was the deciding factor.

[¶10] The district court’s findings are inconsistent.  The court found the mother would be a better facilitator, yet nothing in the record indicates Bruce Ackerman interfered with the children’s relationship with their mother or shows she was a better facilitator than he.  The findings of fact are also inconsistent concerning the mental and physical health of each parent.  N.D.C.C. § 14-09-06.2(g).  The court stated “[b]oth parties are in good physical and mental health,” but the record indicates JoAnn Ackerman had attempted suicide on numerous occasions, had admittedly suffered some form of mental illness, including clinical depression, had been through inpatient treatment at the North Dakota State Hospital and at MeritCare Hospital in Fargo, and had problems with alcohol abuse.

[¶11] Although the district court is not required to make a separate finding on each statutory factor, the court’s findings should be stated with sufficient specificity and should be consistent with the facts of the case.  The court’s findings are not in depth, are inconsistent on some points, and should have been expressed more clearly.  The factor relied upon by the court was flimsy, but we will not substitute our judgment for that of the district court if evidence in the record supports the judgment.  The evidence in this case is sparse, but JoAnn Ackerman has taken steps to improve her life, has dealt with her mental health, and has been a good parent.  We are convinced both parents were suitable and the district court’s award of custody was not clearly erroneous.

B

[¶12] Bruce Ackerman argues the district court erred in its findings on visitation because visitation granted by the district court was minimal.  Again, a district court’s decision on visitation is a finding of fact that will not be reversed on appeal unless it is clearly erroneous.  
Zuger v. Zuger
, 1997 ND 97, ¶ 36, 563 N.W.2d 804.

[¶13] District courts have the authority to allocate various reasonable rights to the noncustodial parent.  
Dickson v. Dickson
, 1997 ND 167, ¶ 10, 568 N.W.2d 284; 
see
 N.D.C.C. § 14-05-22(1) (“In an action for divorce, the court . . . may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper . . . .”).  Visitation is one of the reasonable rights allowed the noncustodial parent.  
Muraskin v. Muraskin
, 336 N.W.2d 332, 336 (N.D. 1983).  The primary purpose of visitation is to promote the best interests of the children, not to fulfill the wishes or desires of the parent.  
Id.
  Visitation with the noncustodial parent is presumed to be in the best interests of the children.  
Blotske v. Leidholm
, 487 N.W.2d 607 (N.D. 1992).  The noncustodial parent is deprived of visitation only if “visitation is likely to endanger the child’s physical or emotional health.”  N.D.C.C. § 14-05-22(2).

[¶14] In its findings of fact, conclusions of law, and order for judgment, the district court included the following:

Such reasonable visitation shall include, at a minimum:

One weekend per month, to be determined by the Plaintiff [Bruce Ackerman] by the 15th day of the preceding month.  He shall communicate to the defendant his desired weekend.

Alternating holidays and school vacation days, as determined by the Billings County Public School District, to include, at a minimum:  Easter, Memorial Day, Fourth of July, Labor Day, Thanksgiving, Christmas Eve, and Christmas Day.  Each party shall receive either Christmas Eve or Christmas Day, each year, with the plaintiff receiving a minimum of one week of Christmas vacation each year.  The Christmas time period shall be either from the day after school ends through Christmas Day at 10:00 a.m., or Christmas Day at 10:00 a.m. through the day before the return to school at 6:00 p.m.

Plaintiff shall receive the Fourth of July in 1999, and Easter in 2000, with the parties alternating each year.  He shall receive Father’s day and his birthday each year.  Defendant shall receive Mother’s day and her birthday each year.  Plaintiff shall receive Thanksgiving in 1998 for the entire vacation/holiday period (as well as every even-numbered year).

The parties shall make every effort to allow Plaintiff to have as many three-day weekends as possible.

 

[¶15] Absent from the award of visitation was three weeks summer visitation for Bruce Ackerman.  During the bench trial, the district court stated this would be included in the judgment.  Furthermore, JoAnn Ackerman’s counsel stipulated at oral argument the three weeks summer visitation should have been included in the judgment.

[¶16] Other than the omitted three weeks, Bruce Ackerman was allowed reasonable visitation.  The judgment is reversed and remanded for the purpose of amending to include three weeks summer visitation for Bruce Ackerman.

C

[¶17] Bruce Ackerman argues the district court erred because it did not award back child support from December 1997 to April 1998.  In October 1997, the district court issued an interim ex parte order giving custody to Bruce Ackerman and requiring JoAnn Ackerman to pay child support under the Child Support Guidelines starting in December 1997.  The district court did not, however, include an amount of child support, but instead said the amount would be set at a later hearing.  A hearing was held in January 1998, and following the hearing, the district court issued an interim order.  The March 1998 interim order continued custody of the children with Bruce Ackerman pending the outcome of the action, and also set JoAnn Ackerman’s child support obligation at $252 per month.  These support payments were to be effective in April 1998.

[¶18] For years, this Court reviewed child support determinations under the clearly erroneous standard of review.  
Buchholz v. Buchholz
, 1999 ND 36, ¶ 10, 590 N.W.2d 215 (citing 
Hogue
, 1998 ND 26, ¶ 22, 574 N.W.2d 579).  As we explained in 
Buchholz
, this was the correct standard before the North Dakota Child Support Guidelines became mandatory.  
Id.
  Before the adoption of the Guidelines, child support had to be reasonable, and the court had to consider need and ability to pay.  
Id.
  These were all questions of fact.  
Id.
 (citing 
Fleck v. Fleck
, 427 N.W.2d 355, 357 (N.D. 1988)).

[¶19] In 
Buchholz
, we reformulated our standard of review in child support cases.  
Id.

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.  A court errs as a matter of law when it fails to comply with the requirements of the Guidelines.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.”  
Edwards v. Edwards
, 1997 ND 94, ¶ 4, 563 N.W.2d 394 (citing 
Surerus v. Matuska
, 548 N.W.2d 384, 387 (N.D. 1996)).  When a district court 
may
 do something, it is generally a matter of discretion.  
See
 
City of Devils Lake v. Corrigan
, 1999 ND 16, ¶ 13, 589 N.W.2d 579.  A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably.  
Austin v. Towne
, 1997 ND 59, ¶ 8, 560 N.W.2d 895.  A district court errs as a matter of law when it fails to make required findings or required findings are not intelligible.  
See
 Laura W. Morgan, 
Child Support Guidelines: Interpretation and Application
 (1998) § 4.03(b).

 

Id.
 at ¶ 11 (footnote omitted).

[¶20]The award of $252 per month in child support beginning in April 1998 was in accordance with the Guidelines, and the district court did not err.  The district court, however, should have ordered JoAnn Ackerman to pay Bruce Ackerman for back child support, retroactive to December 1997, the date established in the interim ex parte order.  District courts have the authority to award past due child support.  
See
 
Linrud v. Linrud
, 552 N.W.2d 342, 347 (N.D. 1996) (citing 
K.E.N. by Shasky v. R.C.
, 513 N.W.2d 892, 898 (N.D. 1994)).

[¶21] Parents have a mutual duty to support their children.  N.D.C.C. § 14-09-08.  The Child Support Guidelines contemplate child support payments be made by the noncustodial parent to the custodial parent.  From October 1997 through December 1998, Bruce Ackerman was the custodial parent as defined in N.D. Admin. Code § 75-02-04.1-01(4), and JoAnn Ackerman was obligated to contribute child support during this period.  
See
 
id.
 § 75-02-04.1-04 (support should be established in each case in which the obligor has an income).  Child support “obligations provided for under this chapter consider and assume that one parent acts as a primary caregiver and the other parent contributes a payment of child support to the child’s care.”  
Id.
 § 75-

02-04.1-02.  Under the interim order, Bruce Ackerman was the primary caregiver as the custodial parent.  The district court failed to include any child support amount for this period with the award of support for the couple’s two children.  This failure to award interim child support was error as a matter of law.  We reverse and remand for findings and judgment for child support for the interim period of custody.  Furthermore, the children have been in Bruce Ackerman’s custody during the entire pendency of this action, and the amended judgment should reflect child support for that period and a new commencement date for Bruce Ackerman’s child support once JoAnn Ackerman takes custody.

III

[¶22] The judgment of the district court is affirmed in part, reversed in part, and remanded for judgment to include three weeks summer visitation for Bruce Ackerman and to order the payment of back interim child support.

[¶23] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.