2008 ND 214

**Ryan HANISCH, Plaintiff and Appellant**

v.

**Denise OSVOLD, Defendant and Appellee.**

**No. 20080012.**

Supreme Court of North Dakota.

Nov. 24, 2008.

Kevin J. Chapman (argued), Chapman Law Office, and Valeska A. Hermanson (appeared), McKennett Stenehjem Forsberg & Hermanson, P.C., Williston, ND, for plaintiff and appellant.

Jeff L. Nehring, Nehring Law Office, PLLP, Williston, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Ryan Hanisch appeals from an order granting custody of the parties' minor child to Denise Osvold. We affirm, concluding the district court's custody award to Osvold is not clearly erroneous.

I

[¶ 2] Hanisch and Osvold have a son, born in May 2006, but have never been married to each other. In July 2006, Hanisch moved for a determination of custody. At that time and up until December 2006, the child lived with Osvold with liberal visitation by Hanisch. On December 10, 2006, Osvold attempted suicide and was admitted to a Minot hospital's mental health unit for several days. On December 12, 2006, Hanisch moved for an ex parte interim order requesting the district court award him temporary custody of the child. The court granted Hanisch's motion and awarded Osvold visitation.

[¶ 3] Following a November 2007 custody trial, the court found it was in the best interests of the child to award custody to Osvold and granted Hanisch reasonable visitation. The district court also ordered Hanisch to pay child support.

II

[¶ 4] Hanisch argues the district court erred in awarding custody of the child to Osvold. "A district court's award of custody is treated as a finding of fact and, on appeal, will not be reversed unless it is clearly erroneous under N.D.R.Civ.P. 52(a)." *Wessman v. Wessman*, 2008 ND 62, ¶ 12, 747 N.W.2d 85. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Burns v. Burns*, 2007 ND 134, ¶ 9, 737 N.W.2d 243 (quoting *Gietzen v. Gabel*, 2006 ND 153, ¶ 6, 718 N.W.2d 552). "Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result." *Jelsing v. Peterson*, 2007 ND 41, ¶ 11, 729 N.W.2d 157. This is particularly relevant "for a difficult child custody decision involving two fit parents." *Id.*

[¶ 5] In an initial custody determination, N.D.C.C. § 14–09–06.1 requires that "the trial court [ ] award custody of the child to the person who will better promote the best interests and welfare of the child." *Klein v. Larson*, 2006 ND 236, ¶ 7, 724 N.W.2d 565. In determining the best interests of the child, the "court must consider all [relevant] factors specified in N.D.C.C. § 14–09–06.2(1)." *Schmidt v. Schmidt*, 2003 ND 55, ¶ 6, 660 N.W.2d 196.

[¶ 6] Here, the district court considered all of the relevant best interest factors in making its custody determination. The district court found factors (a), (b), (c)

and (e) favored Osvold, while factor (g) favored Hanisch. The district court found factor (d) and (k) favored neither party.

## A

[¶ 7] Hanisch argues the court erred in finding factor (a) slightly favored Osvold. Under factor (a), the court must look at "[t]he love, affection, and other emotional ties existing between the parents and child." N.D.C.C. § 14–09–06.2(1)(a). Hanisch claims that either factor (a) should have been weighed in his favor or that neither party should have been given an advantage because the record demonstrates he loves the child and has been a good father.

[¶ 8] In determining factor (a) favored Osvold, the court found that Osvold "clearly articulated her love, affection, and emotional ties with the child and the child's apparent reactions to her and the child's sibling who lives with them in the home." The district court went on to state: "Although it is clear that [Hanisch] likewise has great affection and love for the child, it is the Court's opinion that this factor slightly favors [Osvold]."

[¶ 9] After hearing all of the evidence and assessing the credibility of the parties and their witnesses, the court determined factor (a) slightly favored Osvold. This Court has continually stated, on appeal, we will not "reassess the credibility of witnesses." *Jelsing*, 2007 ND 41, ¶ 11, 729 N.W.2d 157. Rather, "[w]e give great deference to the trial court's opportunity to observe and assess the credibility of the witnesses." *Mayo v. Mayo*, 2000 ND 204, ¶ 24, 619 N.W.2d 631. The district court's finding factor (a) slightly favored Osvold is not clearly erroneous.

## B

[¶ 10] Hanisch argues the court erred in finding factor (b) slightly favored Os-

vold. When analyzing factor (b), the court must consider "[t]he capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child." N.D.C.C. § 14–09–06.2(1)(b). Hanisch contends factor (b) should have favored him because Osvold has a history of mental instability and because he has proven his ability to provide the child with love and affection by caring for the child for the past eleven months.

■ [¶ 11] The record reflects at some point in the child's life each parent has been the primary caregiver and has tended to the child's needs accordingly. The record also reflects numerous witnesses testified about each party's ability to provide the child with love and affection. The court's determination factor (b) favored Osvold is based upon the court's observation and assessment of the credibility of the parties and their witnesses, which we give great deference to on appeal. *Jelsing*, 2007 ND 41, ¶ 11, 729 N.W.2d 157. "[W]e will not substitute our judgment for that of the district court if evidence in the record supports the [court's decision]." *Ackerman v. Ackerman*, 1999 ND 135, ¶ 11, 596 N.W.2d 332. The court's finding factor (b) slightly favored Osvold is supported by the evidence in the record and is not clearly erroneous.

## C

[¶ 12] Hanisch argues the court erred in finding factor (c) favored Osvold. We note the district court does not explicitly state it found factor (c) in Osvold's favor, although it can be inferred from the court's statement that "[s]he seems more inclined to notice the welling-being (sic) of the child." Under factor (c), the court must look at "[t]he disposition of the parents to provide the child with food, clothing, medical care, ... and other material

needs." N.D.C.C. § 14–09–06.2(1)(c). Hanisch claims this factor should have been found in his favor because he has cared for the child for the past eleven months, has taken him to the doctor, owns his own home, has a steady job and has provided for all of the child's other needs.

[¶ 13] In analyzing factor (c), the district court found both parents were disposed to feed, clothe and care for the child's medical needs. However, the court determined Osvold found "these activities [to be] her calling rather than an obligation." The record demonstrates Hanisch has provided appropriate care for the child, but the record also reflects Osvold's continued concern for the well-being of the child, even when she did not have custody. The district court's finding factor (c) favored Osvold is not clearly erroneous.

### D

[¶ 14] Hanisch argues the court erred in finding factor (d) favored neither party. Hanisch claims this factor should have favored him because keeping the child in the same home would promote stability and because the child has lived with him for most of the child's life. However, we have previously held that in analyzing factor (d), the court must do more than count the number of days the child has lived with each party. *Klein*, 2006 ND 236, ¶ 13, 724 N.W.2d 565.

[¶ 15] A proper analysis of factor (d) requires consideration of "[t]he length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity." N.D.C.C. § 14–09–06.2(1)(d). In *Burns*, this Court stated:

"Factor (d) 'addresses past stability of environment, including a consideration of place or physical setting, as well as a consideration of the prior family unit and its lifestyle as part of that setting. It also addresses the quality of that past

environment, and the desirability of maintaining continuity.'"

2007 ND 134, ¶ 17, 737 N.W.2d 243.

[¶ 16] The district court properly addressed the child's living environment in both Hanisch's and Osvold's homes. The parties have not lived together since the birth of the child; however both have had primary custody of the child. The court found Osvold provided a stable home for the child from the child's birth until December 2006. The court also found Hanisch has provided a stable home since he received temporary custody in December 2006. The record establishes the child has spent considerable time with both parties during the time they had custody and through frequent visitation. Both parties are employed, and both parties own their own home. Both of their families have been and will remain nearby, and the child will continue to attend the same day care. From these facts we conclude the district court did not clearly err in finding factor (d) favored neither party.

### E

[¶ 17] Hanisch argues the court erred in finding factor (e) favored Osvold. When analyzing this factor, the court must examine "[t]he permanence, as a family unit, of the existing or proposed custodial home." N.D.C.C. § 14–09–06.2(1)(e). "Although overlap exists between factors (d) and (e), factor (e) uses a forward-looking approach to the stability of the family unit, its interrelations and environment, versus the backward-looking factor (d)." *Eifert v. Eifert*, 2006 ND 240, ¶ 11, 724 N.W.2d 109. "Interaction and interrelationships with [parents, siblings and relatives] contribute to the analysis under factor (e)." *Id.* (citing *Schmidt*, 2003 ND 55, ¶ 13, 660 N.W.2d 196).

[¶ 18] The court never explicitly states it found factor (e) favored Osvold, although it can be inferred from the court's statement that "[t]he mother offers the more traditional family unit, however." Hanisch contends he should have received the advantage under factor (e) because he has provided the child with a stable environment. In analyzing factor (e), the district court found "[e]ach parent offers a permanent family unit for the child. The mother offers the more traditional family unit, however." The record reflects each party offers a permanent family unit because each party owns his or her own home, plans to remain in Crosby and has extended family in the Crosby area. In addition, Osvold is engaged to be married and has custody of the child's half brother, with whom the child has a relationship. The district court did not clearly err in finding factor (e) favored Osvold.

F

[¶ 19] Hanisch argues the court erred in finding factor (f) was not applicable. Factor (f) addresses "[t]he moral fitness of the parents." N.D.C.C. § 14–09–06.2(1)(f). In looking at factor (f), the court must examine "whether [a party's] moral conduct might be detrimental to the best interests of the child." *Klein*, 2006 ND 236, ¶ 16, 724 N.W.2d 565.

[¶ 20] Hanisch claims he should have been given an advantage under factor (f) because Osvold's past suicide attempts and alcohol use constitute immoral conduct. We decline to hold that any person who experiences or has experienced a mental illness is an immoral person under this factor. Moreover, and as we more fully discuss below regarding factor (g), the district court found "that the mental health issues which originally caused the temporary placement of the child … are no longer an issue." The record reflects both

Hanisch and Osvold have consumed excessive alcohol during the pertinent time frame. However, Osvold testified that since she started therapy she has abstained from alcohol and plans to continue that abstention.

[¶ 21] The district court considered each party's conduct and determined moral fitness was not an issue. We conclude the court did not clearly err in finding factor (f) was not applicable.

G

[¶ 22] Hanisch argues the court erred in finding factor (g) only slightly favored him. Under factor (g) the court must look at "[t]he mental and physical health of the parents." N.D.C.C. § 14–09–06.2(1)(g). Hanisch claims Osvold's mental health history required the court to find this factor strongly favored him. However, we have previously stated the relevant inquiry under factor (g) "is not merely whether a parent has mental or physical health problems, but whether those health problems might adversely affect the parent's ability to care for the child." *McDowell v. McDowell*, 2001 ND 176, ¶ 24, 635 N.W.2d 139. An actual adverse effect is not required before health is considered in the custody determination, but "more than conjecture and speculation is required." *Id.*

[¶ 23] The district court addressed Osvold's mental health history. The court found her mental health problems would not adversely affect her ability to care for the parties' child when it stated: "The Court is convinced from the testimony of therapist Liz Larson, [Ms. Osvold], and other witnesses that the mental health issues which originally caused the temporary placement of the child with [Hanisch] are no longer an issue." Although the district court found Osvold's mental health was no longer an issue, it still found factor (g) slightly favored Hanisch and cautioned

that "[i]f the mother has custody, she must remember her vulnerabilities."

[¶ 24]   The district court's findings are based upon evidence in the record and the court's assessment of the credibility of the witnesses.   "We give great deference to the trial court's opportunity to observe and assess the credibility of the witnesses."   *Mayo*, 2000 ND 204, ¶ 24, 619 N.W.2d 631.   Therefore, we conclude the district court's finding factor (g) slightly favored Hanisch is not clearly erroneous.

## H

[¶ 25]   Hanisch argues the court erred if it found factor (k) favored Osvold.   Factor (k) requires the court to consider "[t]he interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests."   N.D.C.C. § 14–09–06.2(1)(k).

[¶ 26]   The court's finding was "[t]he Plaintiff has a good extended family which affects the best interests of the child.   Likewise, the Defendant has a good extended family, including a fiancé, which affects the best interests of the child."   We believe the plain language of the court's finding demonstrates the court found factor (k) favored neither party.   In analyzing this factor, the court found each party has a good extended family which promotes the best interests of the child.   Additionally, the record reflects the child will have access to each parent and his or her extended family because they all reside in the same city.   The district court's finding factor (k) favored neither party is not clearly erroneous.

## I

[¶ 27]   In addition to asking this Court to reweigh the evidence under most of the best interest factors, Hanisch argues the only justification for the court's best interest findings is implied gender bias.   "Gender bias in judicial proceedings is wholly unacceptable."   *Hogue v. Hogue*, 1998 ND 26, ¶ 18, 574 N.W.2d 579 (quoting *Dalin v. Dalin*, 512 N.W.2d 685, 689 (N.D.1994)).   We will not condone gender bias in making custody determinations.   However, upon review, nothing in the record reflects gender bias against Hanisch.   We conclude Hanisch's implied gender bias argument is without merit.

[¶ 28]   The district court had a difficult decision to make in determining which parent should be awarded custody.   Since the evidence in the record supports the district court's award of custody to Osvold, we conclude the court did not clearly err in analyzing the best interest factors under N.D.C.C. § 14–09–06.2.   In addition, after reviewing the entire record, we are not left with a definite and firm conviction a mistake has been made.

## III

[¶ 29]   The district court order granting custody of the minor child to Osvold is affirmed.

[¶ 30] MARY MUEHLEN MARING, Acting C.J., WILLIAM F. HODNY, S.J., and CAROL RONNING KAPSNER, J.

DALE V. SANDSTROM.

I concur in the result.

[¶ 31] The Honorable WILLIAM F. HODNY, S.J., sitting in place of VANDE WALLE, C.J., disqualified.