[File No. 6782.]

STATE OF NORTH DAKOTA, as Owner and Trustee of the Permanent School Fund, Respondent, v. GRIGGS COUNTY, a Quasimunicipal Corporation, and One of the Political Subdivisions of the State of North Dakota, Appellant.

(10 NW(2d) 245)

Opinion filed June 4, 1943.   Rehearing denied June 18, 1943.

*M. W. Duffy,* for appellant.

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for respondent.

MORRIS, Ch. J.   This is an action brought by the state of North Dakota as owner and trustee of the permanent school fund to quiet title to a half section of land in Griggs county.   The defendant appeals from an adverse judgment and demands a trial de novo.

The record discloses that one Ole E. Larson purchased the land in question from the State Bank of Jessie on a contract for deed.   Thereafter and on July 20, 1929, the bank conveyed the land to Larson by a quitclaim deed which was recorded in the office of the Register of Deeds of Griggs county on July 26, 1929.   The state of North Dakota, acting through its Board of University and School Lands, loaned Larson $1,800, secured by a mortgage on the land dated July 18, 1929, and re-

corded July 26, 1929. It also appears that on July 20, 1929; Larson and his wife executed a quitclaim deed to the State Bank of Jessie which was not recorded until September 19, 1929. Shortly after making the loan the Larsons established their home on the land and continued to reside thereon until the spring of 1939.

On May 6, 1938, Larson and his wife signed a quitclaim deed in favor of the state of North Dakota. This deed bears a certificate of acknowledgment by a notary public showing that it was acknowledged by both grantors. However, the testimony clearly indicates that Mrs. Larson never acknowledged her signature before the notary. This deed was recorded April 28, 1939.

On June 22, 1938, a tax deed was issued to Griggs county and recorded on July 22, 1938.

The State Bank of Jessie closed in 1929 and a receiver was appointed. On June 27, 1940, the receiver executed a receiver's deed to the state of North Dakota which was recorded August 1, 1940.

The state contends that it owns the land free of encumbrances by virtue of the quitclaim deed from the Larsons and the receiver's deed. It is asserted that these deeds have the same legal effect as though foreclosure proceedings had been conducted on the state's mortgage and a sheriff's deed issued pursuant thereto. The basis of this contention is chap. 254, ND Session Laws 1935, which provides: "1. In all cases where a mortgage held by the State of North Dakota as security for investment of the permanent school funds of this state is in default and foreclosure thereof is deemed advisable, the Board of University and School Lands may, at its discretion, accept from the record title owner of the land covered by that mortgage a deed of conveyance to the State of North Dakota of said mortgaged land, and said deed of conveyance shall extinguish all title, interest, and right of redemption of the grantor of said deed, but shall not extinguish the mortgage lien thereon. The mortgage lien may subsequently be foreclosed in the manner provided by law therefor. The deed of conveyance so taken may be recorded in the office of the register of deeds of the county wherein the land is situated, and the mortgage held by the state may be released and satisfied by an instrument executed by the President of the Board of University and School Lands and attested by its secretary, and written notice of

such release and satisfaction shall be given by the secretary of the board to the State Treasurer, and that deed of conveyance shall have from the date of its execution the same legal effect for all purposes that a sheriff's deed would have had the mortgage involved been foreclosed."

Griggs county contends; that the tax deed conveyed to it a new, complete and paramount title which extinguishes all prior titles and encumbrances; that the deeds from the Larsons and from the receiver do not affect the county's title because at the time they were given the grantors were not the record title owners to the premises; and, that the deed from the Larsons to the state is void because it was never acknowledged by Mrs. Larson who at that time was occupying the premises with her husband as a homestead.

We will first consider the effect of the deeds from the Larsons and the receiver to the state which the state contends conveyed to it a title equal to that which it would have received had the mortgage been foreclosed and sheriff's deed issued.

The deeds taken by the state from the Larsons and the receiver were secured in an effort to obtain title without foreclosure under the provisions of chap. 254, ND Session Laws 1935 which we have quoted above. The obvious purpose of the statute is to dispense with the necessity of foreclosure proceedings where the record title owner to the premises secured by real estate mortgage is willing to deed the land to the State. It is an extrajudicial method of acquiring title to the security and is even more speedy than foreclosure by advertisement. The statute provides for no notice to subsequent encumbrancers and no opportunity is afforded them for redemption. In this respect, it is a drastic departure from previous methods of acquiring title by the mortgagee. Such a statute should be strictly construed. It is of such a nature that strict compliance is necessary and in order to be effective under it, conveyances must fall squarely within its terms.

The statute in question permits the Board of University and School Lands, at its discretion, to accept from "the record title owner" conveyances of mortgaged land to the State of North Dakota, and as to such owner, gives the conveyances the effect of sheriff's deeds obtained through foreclosure proceedings. State v. Sheridan County, ante, 254. 6 NW(2d) 51. At the time the state took the quitclaim deed from the

Larsons the record title owner of the premises described therein was the State Bank of Jessie. The state contends that its deed is good nevertheless because the deed given to the bank was in fact a mortgage and that the actual owner of the farm was Ole E. Larson. The testimony on this point is not clear but this is immaterial for the purposes of deciding the point in question. The deed to the bank is complete and valid on its face. The abstract of title discloses nothing of record that would put anyone upon inquiry regarding this deed. At the time the State took its conveyance from the Larsons they were not the record title owners; the record title being in the State Bank of Jessie. The deed from the Larsons therefore failed to comply with the provisions of chap. 254 and merely conveyed to the state the interests that the Larsons had in the land subject to valid liens and encumbrances of record including tax liens.

After the state had received its quitclaim deed from the Larsons, Griggs county obtained a tax deed. This deed was recorded July 22, 1938. It also is regular on its face. Griggs county thereby became the record title owner of the premises in question. After the recording of the tax deed the state obtained from the receiver of the State Bank of Jessie another quitclaim deed. It is apparent that this deed also fails to comply with chap. 254, ND Session Laws 1935 for at the time of its execution the State Bank of Jessie was no longer the record title owner. The title had passed to Griggs County by virtue of its tax deed. Anderson v. Roberts, 71 ND 345, 1 NW(2d) 338. Neither deed was obtained from the record title owner. Both failed to comply with the statute and do not operate as a foreclosure of the state's mortgage. Thus the mortgage remains as though no deeds were given. There is no question of merger of title. Chapter 254, supra, provides that a deed taken pursuant to that statute does not extinguish the mortgage lien which may subsequently be foreclosed in the manner provided by law. See also Gray v. Krieger, 66 ND 115, 262 NW 343.

The situation that now exists is that the state has a mortgage given and recorded in 1929, due December 1, 1940, on lands to which Griggs county obtained a tax deed on June 22, 1938. The county contends that its deed clothed it with a new and complete title to the land which

barred and distinguished all prior titles and encumbrances. The state, on the other hand, asserts that the tax deed does not affect its mortgage lien which is superior to tax liens of the county and to any title acquired through such liens by virtue of issuance of a tax deed.

The tax liens of the county upon which it acquired the tax deed are subsequent in point of time to the state's mortgage lien. These liens constitute the foundation for the county's title. If these were subject to the state's mortgage the title of the county is subject to the mortgage. The county cites Baird v. Stubbins, 58 ND 351, 226 NW 529, 65 ALR 1009; Peterson v. Reishus, 66 ND 436, 266 NW 417, 105 ALR 724; Nelson v. Murton, 68 ND 108, 277 NW 390. These cases deal with liens and titles of individuals and hold, in effect, that a tax deed vests in the grantor a new, complete and paramount title. The rule in the cases cited by the county does not govern here because we are not dealing with titles and liens of individuals but with a lien of the sovereign state of North Dakota. The legislature has power to determine the order of priority of tax liens with respect to other liens and encumbrances and in § 2186, ND Comp Laws 1913, has provided that, "Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons and bodies corporate, except the United States and the state." In State v. Divide County, 68 ND 708, 283 NW 184, we dealt with the priority status of tax liens with reference to a mortgage taken by the state to secure the repayment of a loan from the permanent school fund which is the same type of mortgage as the one at bar. We held that such a mortgage was superior to the lien for taxes subsequently levied and that when the state obtained title upon foreclosure of its mortgage lien all liens held by Divide county for taxes levied after the mortgage was given were extinguished.

The mortgage in question is a lien of the state. Taxes levied subsequent to the recording of the mortgage do not constitute liens paramount to the interest of the state as represented by its mortgage.

"The creation of the lien of mortgage does not prevent the subsequent attaching of liens for taxes, but these liens are subject to the lien of the mortgage." State v. Divide County, supra.

Griggs county having acquired tax deed upon tax liens that were in-

ferior to the state's mortgage lien, the title thus acquired is subject to the state's mortgage.

The judgment appealed from is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.