473 N.W.2d 439 (1991)
In the Interest of C.J.A., a child.
Robert R. EASTBURN, Petitioner and Appellee
v.
C.J.A., Respondent and Appellant
W.A., Mother; R.A., Father of the above-named child, Respondents
Civ. No. 910052.
Supreme Court of North Dakota.
July 31, 1991.
Daniel G. Diemert, State's Atty., Ellendale, for petitioner and appellee.
Yong-Hwan Lee, Wahpeton, for respondent and appellant.
VANDE WALLE, Justice.
C.J.A. appealed from a juvenile court order transferring him from the Juvenile Court of Dickey County to the County Court of Ransom County for prosecution of the charged offense of gross sexual imposition. *440 [1] We reverse the order transferring the child to county court and remand to juvenile court for further proceedings.
On September 21, 1990, a petition was filed with the Juvenile Court of Dickey County[2] which charged that, on August 30, 1990, C.J.A. committed a delinquent act which, if proven, would constitute gross sexual imposition. The juvenile court supervisor filed a request for transfer of jurisdiction and a hearing on the matter was held. The court ordered C.J.A. transferred to Ransom County Court for prosecution of the charged offense.
C.J.A. contends on appeal that the juvenile court was obligated under Section 27-20-35, NDCC, to commit him to an appropriate institution for an evaluative study of his alcohol abuse before making a final disposition. We agree.
Section 27-20-35, NDCC, provides:
"1. If, at a dispositional hearing of a child found to be a delinquent or unruly child or at a hearing to transfer a child to another court under section 27-20-34, the evidence indicates that the child may be suffering from mental retardation or mental illness, or alcohol or drug abuse, the court before making a disposition shall commit the child for a period not exceeding sixty days to an appropriate institution, agency, or individual for study and report on the child's mental or physical condition.
2. If it appears from the study and report that the child is committable under the laws of this state as a mentally retarded or mentally ill child, the court shall order the child detained and direct that within ten days after the order the court resume proceedings in the juvenile court for the child's commitment to an appropriate institution or agency.
3. If it does not so appear or the child is found not to be committable, the court shall proceed to the disposition or transfer of the child as otherwise provided by this chapter." (emphasis added)
This statute was amended in 1981 to include the above underlined language. See 1981 N.D. Laws Ch. 327, § 4.
The juvenile supervisor contends that the main objective of the statute is to provide an alternative avenue for the treatment of those suffering from mental illness or mental retardation other than placing those individuals in the criminal justice system. The supervisor notes that the 1981 amendment does not provide for a mandatory committal for treatment of a child suffering from alcohol or drug abuse, but provides only for a committal for evaluative purposes. The supervisor concludes that, because the 1981 amendment did not alter the objectives of the original statute, the language requiring committal for evaluative purposes should be construed as directory, rather than mandatory when:
"1) there is ample evidence of the juvenile's alcohol or drug problem; 2) it appears that a commitment for up to sixty days would only serve to delay criminal court proceedings; 3) the report would be redundant evidence of the abuse of alcohol or drugs; and 4) there is evidence that the juvenile suffers from neither mental retardation nor mental illness."
We are thus required to construe Section 27-20-35, as amended in 1981, to determine the effect of the amendment. A cardinal rule of statutory construction is that we are to construe provisions in the North Dakota Century Code with a view to effecting their objectives. Section 1-02-01, NDCC. We are specifically instructed that provisions within Chapter 27-20, North Dakota's Uniform Juvenile Court Act, are to be construed to effectuate the following purposes:

*441 "1. To provide for the care, protection, and wholesome moral, mental and physical development of children coming within its provisions;
2. Consistent with the protection of the public interest, to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to substitute therefor a program of treatment, training and rehabilitation;
3. To achieve the foregoing purposes in a family environment whenever possible, separating the child from his parents only when necessary for his welfare or in the interest of public safety;
4. To provide a simple judicial procedure through which this chapter is executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced; and
5. To provide simple interstate procedures which permit resort to cooperative measures among the juvenile courts of the several states when required to effectuate the purposes of this chapter." Section 27-20-01, NDCC.
We are guided by these precepts as we consider whether the language of Section 27-20-35(1), NDCC, is compulsory and requires a juvenile court to commit a child to an appropriate institution for a study and report upon a showing of evidence which indicates the child may be suffering from alcohol abuse.
As a general rule of statutory construction, the word "shall" in a statute creates a mandatory duty, except in such cases wherein construing the word "shall" to mean "may" is necessary to give effect to the legislative intent. E.g. Timm v. Schoenwald, 400 N.W.2d 260 (N.D.1987). If the duty prescribed in the statute is essential to the main objectives, the word "shall" is to be construed as creating a mandatory duty. Solen Public School Dist. No. 3 v. Heisler, 381 N.W.2d 201 (N.D.1986).
Insofar as there may be some ambiguity in the meaning of the word "shall" in Section 27-20-35(1), a review of the legislative history provides insight into the objectives of the legislature in amending that statute in 1981.[3] Prior to the effective date of the amendment, Section 27-20-35(1) provided for committal for evaluative purposes of juveniles suffering from mental illness or mental retardation only. See 1977 N.D.Laws Ch. 275, § 1. In a pair of cases decided in 1981, this court held that alcoholism does not per se constitute mental illness within the meaning of Section 27-20-35. See In Interest of A.D.L., 301 N.W.2d 380 (N.D.1981); In Interest of R.R., 305 N.W.2d 38 (N.D.1981). Thus, prior to the 1981 amendment, the juvenile court had to find that a child who was abusing alcohol was mentally ill before it was able to commit the child for substance-abuse evaluation and treatment. See Testimony of District Judge Norman Backes before the House Social Services and Veterans Committee, February 6, 1981. The 1981 amendment to Section 27-20 was "designed to clarify that the juvenile court does have the authority to order commitment or treatment for the child who is abusing alcohol or drugs ..." Testimony of Greg Wallace, Juvenile Services Coordinator, before House Social Services and Veterans Committee, February 6, 1981.
The legislative history indicates that the objective in amending Section 27-20 was to offer the possibility of treatment to those juveniles who were abusing alcohol or drugs. The legislature's omission of a provision for mandatory commitment for chemical-abuse treatment under Section 27-20-35(2) is not inconsistent with this objective. Language regarding mandatory commitment for the treatment of alcohol or drug abuse was purposely omitted by the legislature to ensure that the subsection would not "have the effect of prohibiting *442 the juvenile court from transferring to adult court any child who is having problems with drugs or alcohol." Testimony of Greg Wallace, Juvenile Services Coordinator, before House Social Services and Veterans Committee, February 6, 1981. However, the legislature gave the juvenile court discretionary powers to detain the child in "a medical facility for the treatment of mental illness, alcoholism or drug addiction, designated by the court ..." when necessary to protect the child or others. Section 27-20-16, NDCC; See also Section 27-20-14, NDCC. Following a determination that a child is delinquent, the juvenile court may make an order best suited to the child's treatment, rehabilitation, and welfare as specified in Section 27-20-31, NDCC. Significantly, for purposes of this case, the juvenile court has concurrent jurisdiction with the county court to treat or commit an alcohol or drug-abusing child otherwise subject to the jurisdiction of the juvenile court. Section 27-20-04, NDCC. Thus, juveniles who abuse alcohol may be committed for treatment if the juvenile court deems treatment necessary.
We believe that in order to effectuate the legislature's objective of providing treatment for substance abuse to those juveniles who would benefit from such treatment, it is necessary to give the term "shall" its obligatory meaning and require the committal of juveniles for evaluative purposes when the evidence indicates that the child may be suffering from the effects of alcohol or drug abuse. The logical antecedent to treatment is evaluation. The supervisor contends that an evaluation of C.J.A. is unnecessary because prior evaluations have established that C.J.A. has a substance-abuse problem. To be consistent with the objectives of Section 27-20-35, however, the "study and report" contemplated by the legislature should include an identification of possible treatment and solutions, as well as an identification of the problem in order that the juvenile court may make a reasoned decision regarding the disposition of the case. Evidence of C.J.A.'s current status and an identification of possible solutions, including the possibility of treatment, or a lack thereof, are noticeably absent from the record in this case, but should be considered by the juvenile court prior to an order of transfer.
In light of the mandatory nature of Section 27-20-35, NDCC, we conclude that the juvenile court erred when it did not commit C.J.A. for an evaluation of possible substance-abuse problems prior to transfer to county court. We reverse the order of the juvenile court transferring C.J.A. to county court and we remand for entry of an order committing C.J.A. to an appropriate facility pursuant to Section 27-20-35, NDCC, for a study and report on C.J.A.'s condition and, following the consideration of that report, for disposition pursuant to Chapter 27-20, NDCC.
ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.
NOTES
[1] In Eastburn v. J.K.H., 392 N.W.2d 406 (N.D.1986), we held that a juvenile court order transferring jurisdiction to an adult court was appealable as a final order under Section 27-20-56(1), NDCC.
[2] The petition alleging C.J.A. was a delinquent child was filed in Dickey County where C.J.A. resided. See Section 27-20-11, NDCC. The alleged offense took place in Ransom County. See Section 27-20-34, NDCC.
[3] If there is no ambiguity in the statute, reference to legislative intent is improper. E.g. Schaefer v. North Dakota Workers Compensation Bureau, 462 N.W.2d 179 (N.D.1990).