1999 ND 16

**CITY OF DEVILS LAKE, Plaintiff and Appellee,**

v.

**Petranellea CORRIGAN, Defendant and Appellant,**

**Criminal No. 980242.**

Supreme Court of North Dakota.

Feb. 1, 1999.

Daniel M. Traynor, Assistant City Attorney, Devils Lake, N.D., for plaintiff and appellee.

Michael E. Klemetsrud, Devils Lake, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Petranellea Corrigan appealed from a criminal judgment and commitment. Corrigan entered a conditional plea of guilty to Driving Under the Influence of Alcohol, pending the outcome of her appeal. Corrigan argues the district court erred in finding the City of Devils Lake's bond schedule lawful. We conclude the City's bond schedule is in accordance with statute, and therefore affirm.

I

[¶ 2] Around midnight on November 29, 1997, a Devils Lake police officer investigated a property damage accident in Devils Lake. The officer noticed a sign at the Odd Fellows Home had been knocked down, and noticed evidence of discharge from a leaking radiator. The officer followed the trail of the leaking radiator to a vehicle at 723 8th Avenue in Devils Lake. The front end of the vehicle was damaged, and the radiator was leaking. The officer ran a check of the license plate number and discovered the vehicle was owned by Corrigan.

[¶ 3] Corrigan came out of her house and talked with the officer, who determined she was responsible for the accident and seemed intoxicated. Corrigan was arrested and charged with Driving Under the Influence (DUI) and Leaving the Scene of an Accident following Property Damage.

[¶ 4] The officer transported Corrigan to the law enforcement center in Devils Lake for administration of a breath test. Corrigan could not perform the test and was taken to Mercy Hospital in Devils Lake for a blood test. The blood test revealed Corrigan's blood alcohol concentration was .18%. Corrigan returned to the law enforcement center around 2:00 a.m.

[¶ 5] Corrigan was not allowed to post bond at that time because the Devils Lake Municipal Court's bond schedule requires persons arrested for DUI to remain in custody without bail until the city judge reviews the case, which is usually the next morning. The judge telephoned the law enforcement center the next morning, and Corrigan was released at 9:30 a.m. on a personal recognizance bond with a promise to appear. Corrigan entered a conditional guilty plea on July 13, 1998. This appeal followed.

[¶ 6] The district court had jurisdiction under N.D.C.C. § 27–05–06. Corrigan's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 7] The dispositive issue on appeal is whether the bond schedule of the City of Devils Lake is lawful.

[¶ 8] Interpretation of a statute is a question of law, fully reviewable on appeal. *Hassan v. Brooks,* 1997 ND 150, ¶ 5, 566 N.W.2d 822 (citing *Heck v. Reed,* 529 N.W.2d 155, 160 (N.D.1995)). When this Court construes a statute, the primary goal is to ascertain the legislature's intent. *Medcenter One, Inc. v. North Dakota State Board of Pharmacy,* 1997 ND 54, ¶ 13, 561 N.W.2d 634. To ascertain legislative intent, we first look to the language of the statute. *Id.*

[¶ 9] Corrigan argues the bond schedule is unlawful in requiring all DUI arrestees to be held in custody without bail until a bail hearing can be held. The Devils Lake municipal bond schedule provides that persons arrested for DUI or Leaving the Scene of an Accident must be held in custody from the time of their arrest until the judge reviews the case the next morning. In an affidavit, the municipal judge states: "Some offenses are bail hearing required offenses. A cash bond is not set for these offenses.... The bail hearing required cases are viewed the morning after the arrest, usually between 7:00 and 8:00 a.m. and bond is then set."

**581**

[¶ 10] Corrigan argues N.D.C.C. § 29–08–02 requires municipal judges to avoid the usual criminal procedures, such as bail hearings, in traffic cases by setting a bond schedule for DUI arrests. Section 29–08–02, N.D.C.C., says:

> Admission to bail defined—Delegation of authority by magistrate. Admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon an undertaking with sufficient sureties for his appearance. Any magistrate or municipal judge in this state may in his discretion designate, authorize, and appoint an additional person or persons to arrange, receive, and approve bail in cases involving traffic violations.

[¶ 11] In interpreting this section of code, we have said the language of the statute "*allows* a magistrate or a municipal judge to appoint persons to 'arrange, receive, and approve bail' for traffic violations." *City of Fargo v. Stutlien*, 505 N.W.2d 738, 742 (N.D. 1993) (emphasis added). Much of the statutory language was:

> enacted in 1969 at the same time as N.D.C.C. § 29–08–21, was amended to allow the court to treat the forfeiture of bail as a final disposition of a traffic violation. 1969 N.D.Laws ch. 300. The purpose of the amendments to N.D.C.C. §§ 29–08–02 and 29–08–21, was to allow a court to establish a bail forfeiture schedule to accommodate the administrative disposition of traffic violations. The effect of those amendments was to allow for the expedited release of individuals arrested for traffic violations without triggering the usual criminal procedures; it was not to permit municipal courts to authorize "minimum periods of detention, prior to release pending trial."

*Id.*

[¶ 12] Neither in *Stutlien*, nor in any other case, have we said the statute requires a magistrate to act. The word "shall" in a statute ordinarily creates a mandatory duty. *In Interest of C.J.A.*, 473 N.W.2d 439, 442 (N.D.1991). "The word 'shall' is 'generally imperative or mandatory ... excluding the idea of discretion, and ... operating to impose a duty', although 'it may be construed as merely permissive or directory (as equiva-lent to "may"), to carry out the legislative intention.'" *Homer Township v. Zimney*, 490 N.W.2d 256, 259 (N.D.1992) (quoting Black's Law Dictionary, 1375 (6th ed.1990)). The word "may," however, does not create such a duty. The "[w]ord 'may' usually is employed to imply permissive, optional or discretional, and not mandatory action or conduct." Black's Law Dictionary, 979 (6th ed.1990).

[¶ 13] The language of N.D.C.C. § 29–08–02 states a magistrate "may"—not "shall"—set a bond schedule. We hold the word "may" in the statute is permissive and does not require action. It is within the discretion of the municipal judge or magistrate to set up a bond schedule and avoid the usual criminal procedures in DUI cases. In Devils Lake, the municipal judge has decided not to do so, and that is permitted under the statute.

[¶ 14] Because this issue is dispositive of this appeal, the other issues are without merit.

[¶ 15] MARING, Acting C.J., NEUMANN and KAPSNER, JJ., and RICHARD W. GROSZ, D.J., concur.

[¶ 16] RICHARD W. GROSZ, D.J., sitting in place of VANDE WALLE, C.J., disqualified.