2015 ND 31

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Gary Michael GLASER, Defendant and Appellant.**

No. 20140174.

Supreme Court of North Dakota.

Feb. 12, 2015.

M. Jason McCarthy (argued), Assistant State's Attorney, and Megan J. Kvasager (on brief), under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for plaintiff and appellee.

Lee M. Grossman, Valley City, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Gary Glaser appeals from a criminal judgment entered after he pled guilty to indecent exposure. We conclude the district court did not abuse its discretion in ordering Glaser to register as a sex offender. We affirm.

I

[¶ 2]   Glaser was charged with indecent exposure, a class A misdemeanor. He allegedly pulled up to a stranger walking on a sidewalk, stopped his vehicle, and exposed his penis to the victim. Glaser initially pled not guilty. After being provided a court-appointed attorney, he entered a guilty plea.

[¶ 3]   At the sentencing hearing, Glaser argued he should not have to register as a sex offender because he had no prior criminal history as a sex offender, he did not exhibit any mental abnormality or predatory conduct, and the victim was not a minor. The State argued his conduct met the statutory definition of predatory conduct because it was directed at a stranger. The district court agreed with the State and determined Glaser was required to register. Glaser also received a sentence of one year, with nine months suspended, and he was placed on probation for two years.

II

[¶ 4]   On appeal, Glaser argues the district court abused its discretion by ordering him to register as a sex offender. He also argues the district court committed obvious error by violating N.D.R.Crim.P. 11(b)(3) because it failed to determine a factual basis for his guilty plea.

[¶ 5]   A district court is afforded the widest range of discretion regarding sentencing, and this Court's review of an imposed sentence focuses only on whether the lower court acted within the statute's limits or if it substantially relied on an impermissible factor. *State v. Wardner*, 2006 ND 256, ¶ 27, 725 N.W.2d 215.

[¶ 6]   Glaser argues on appeal the definition for "sexually predatory conduct" found in N.D.C.C. § 25–03.3–01(9), the state's civil commitment law, is controlling over the definition of "predatory" in N.D.C.C. § 12.1–32–15(1)(d), the state's sex offender registration law. We disagree.

[¶ 7]   Glaser was charged with indecent exposure in violation of N.D.C.C. § 12.1–20–12.1(1)(b) which states, "A person, with intent to arouse, appeal to, or gratify that person's lust, passions, or sexual desires, is

guilty of a class A misdemeanor if that person ... [e]xposes one's penis ... in a public place."

[¶ 8] A "sexual offender" is defined as a person who has pled guilty to indecent exposure. *See* N.D.C.C. § 12.1–32–15(1)(e). State law requires individuals who plead guilty to misdemeanor sexual offense crimes to register as sex offenders. *See* N.D.C.C. § 12.1–32–15(2)(b). However, the court "may deviate" from this requirement if it finds the individual did not exhibit "predatory conduct in the commission of the offense." *Id.* As used in that section of the Code, "predatory" is defined as "an act directed at a stranger or at an individual with whom a relationship has been established or promoted for the primary purpose of victimization." N.D.C.C. § 12.1–32–15(1)(d).

[¶ 9] Glaser argues the applicable definition of "predatory conduct" is found in N.D.C.C. § 25–03.3–01(9), the state's law on the civil commitment of sexually dangerous individuals. He argues it is controlling because it is more specific and was more recently enacted. He contends that because that particular definition of "sexually predatory conduct" does not include acts directed at a stranger, the district court erred in determining he was required to register as a sex offender.

[¶ 10] In contrast, the State asserts the definition of "predatory" in N.D.C.C. § 12.1–32–15(1)(d) is controlling and contends it would be illogical for the court to use a definition of "predatory" found in a different title of the Code. The State points to *State v. Corman*, 2009 ND 85, 765 N.W.2d 530, in which this Court used the N.D.C.C. § 12.1–32–15(1)(d) definition of "predatory" regarding sex offender registration.

[¶ 11] In *Corman*, the defendant argued the district court erred by requiring him to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(d) and (e) and erred in determining he demonstrated "sexual predatory conduct." 2009 ND 85, ¶¶ 14, 19, 765 N.W.2d 530. Although this Court focused on the "victimization" portion of the predatory definition in *Corman*, it referred to the N.D.C.C. § 12.1–32–15(2)(d) definition of "predatory" in determining the district court did not err in requiring Corman to register as a sex offender. *Id.* at ¶¶ 18–22.

[¶ 12] Glaser does not cite to any authority supporting his claim that the "sexually predatory conduct" definition in the state's civil commitment law, N.D.C.C. § 25–03.3–01, is controlling over the definition in N.D.C.C. § 12.1–32–15 when determining whether an individual is required to register as a sex offender.

[¶ 13] "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Holbach*, 2014 ND 14, ¶ 16, 842 N.W.2d 328. "When the meaning of a word or phrase is defined in a section of [the North Dakota Century] Code, that definition applies to any use of the word or phrase in other sections of the Code, *except when a contrary intent plainly appears*." *Northern X–Ray Co., Inc. v. State*, 542 N.W.2d 733, 735–36 (N.D.1996) (emphasis added); *see also* N.D.C.C. § 1–01–09. "When a statutory definition ... is limited by prefatory language such as 'in this title' or 'for the purposes of this title,' the legislature has expressly evidenced its intent that the definition have no application beyond that act." *Edinger v. Governing Auth. of Stutsman Cnty. Corr. Ctr. and Law Enforcement Ctr.*, 2005 ND 79, ¶ 16, 695 N.W.2d 447.

[¶ 14] Because N.D.C.C. § 12.1–32–15(1)(d) plainly defines "predatory" and states the definition applies "[a]s used in this section" of the North Dakota Century Code, we conclude the district court was

correct in applying the N.D.C.C. § 12.1–32–15(1)(d) definition of "predatory."

### III

[¶ 15] Glaser also argues the district court erred because it ignored the clinical assessment of his predatory risk.

[¶ 16] Prior to sentencing, Dr. R. P. Ascano submitted a psychosexual risk assessment report on Glaser. In the report, Dr. Ascano determined Glaser fell at the zero percentile on the sexual assault scale, and his scores "contraindicat[ed] traits and features of ... being at risk for sexual violence."

[¶ 17] N.D.C.C. § 12.1–32–15(2)(b) states, in pertinent part:

The court *may* deviate from requiring an individual to register [as a sex offender] if the court first finds the individual is no more than three years older than the victim if the victim is a minor, the individual has not previously been convicted as a sexual offender or of a crime against a child, and the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

(Emphasis added). Section 12.1–32–15(4), N.D.C.C., goes on to state that, in consideration of predatory conduct, "the court shall consider the age of the offender, the age of the victim, the difference in ages of the victim and offender, the circumstances and motive of the crime, the relationship of the victim and offender, and the mental state of the offender."

[¶ 18] In a statute, the word "shall" ordinarily creates a mandatory duty; however, the word "may" does not create such a duty. *City of Devils Lake v. Corrigan*, 1999 ND 16, ¶ 12, 589 N.W.2d 579. The word "may" is usually used "to imply permissive, optional or discretional, and not mandatory action or conduct." *Id.*

This Court has held the word "may" in a statute is merely permissive, it does not require action, and it operates simply to confer discretion. *See id.* at ¶ 13; *Matter of Adoption of K.S.H.*, 442 N.W.2d 417, 420 (N.D.1989).

[¶ 19] Because the sex offender registration statute states, "[t]he court *may* deviate from requiring an individual to register," it does not *require* the district court to exercise such discretion. *See* N.D.C.C. § 12.1–32–15(2)(b) (emphasis added). By using the word "may," rather than "shall," the statute does not require the court to act; it simply confers discretion on the court.

[¶ 20] Although not ambiguous, legislative history behind N.D.C.C. § 12.1–32–15 confirms this construction of the statute; testimony emphasized that the purpose of including discretionary language in the sex offender registration law was to provide judges with some discretion in determining whether the circumstances surrounding the offense warrant registration. *See Hearing on S.B. 2299 Before the Senate Judiciary Committee*, 56th N.D. Legis. Sess. (Jan. 25, 1999) (written testimony of Joan Halvorson, Victim/Witness Coordinator for Stutsman County State's Attorney).

[¶ 21] Assistant Attorney General Jonathan Byers testified regarding the policy implications of the discretionary language, stating:

As a policy matter, this ... will potentially exempt some sex offenders and offenders against children from having to register. At first glance, that may be troubling to you and to the public. However, if the goal of registration is to protect the public from criminals who may constitute a risk to them, we better serve the public by identifying for them which offenders have committed risky crimes.

Hearing on S.B. 2299 Before the House Judiciary Comm., 56th N.D. Legis. Sess. (March 15, 1999) (testimony of Jonathan Byers, Assistant Attorney General).

[¶ 22] "Statutes must be construed as a whole and harmonized to give meaning to related provisions, and are interpreted in context to give meaning and effect to every word, phrase, and sentence." *State v. Kuruc*, 2014 ND 95, ¶ 32, 846 N.W.2d 314. In statutory interpretation, we consider the statute's context and the purposes for which the statutes were enacted. *Id.* "When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute." *Id.*

[¶ 23] Construing the sex offender registration law as a whole, and harmonizing the discretionary language of N.D.C.C. § 12.1–32–15(2)(b) with N.D.C.C. § 12.1–32–15(4), which outlines the factors the court must consider in consideration of predatory conduct, we conclude a district court could choose to exercise the limited discretion which it is afforded under the statute. Thus, in this case, in examining whether predatory conduct was exhibited in the commission of the offense, the district court *could* have chosen to exercise its discretion, afforded under N.D.C.C. § 12.1–32–15(4), and considered Dr. Ascano's psychosexual risk assessment report of Glaser; however, under N.D.C.C. § 12.1–32–15(2)(b), the court was *not required* to exercise such discretion. We conclude the district court did not abuse its discretion in ordering that Glaser was required to register as a sex offender.

## IV

[¶ 24] Glaser argues the district court committed obvious error at the sentencing hearing by violating N.D.R.Crim.P. 11(b)(3) in not determining a factual basis for his guilty plea.

[¶ 25] Glaser acknowledges he did not object to the alleged Rule 11 violation at the district court level; thus, this Court is limited to reviewing only obvious errors. *See State v. Bingaman*, 2002 ND 202, ¶ 9, 655 N.W.2d 51 (noting issues not properly preserved at the trial court level generally will not be heard on appeal, but this Court is allowed to notice obvious errors in the record). To establish obvious error, the defendant has the burden of showing plain error that affects substantial rights. *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587. An error is obvious when there is a "clear deviation from an applicable legal rule under current law." *Id.* Even if the defendant meets the burden of establishing obvious error, the determination of whether to correct it lies within the appellate court's discretion; such discretion should be exercised only if the error seriously affects the integrity, fairness, or public reputation of judicial proceedings. *Id.* Because the lack of a factual basis for a plea is a substantial defect which calls into question the plea's validity, the adequacy of the factual basis for Glaser's guilty plea must be addressed. *See Mackey v. State*, 2012 ND 159, ¶ 10, 819 N.W.2d 539.

[¶ 26] North Dakota Rule of Criminal Procedure 11(b)(3) states that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." The rule does not require the court to directly address the defendant. *Mackey*, 2012 ND 159, ¶ 9, 819 N.W.2d 539.

[¶ 27] Establishing a factual basis for the guilty plea ensures that the defendant is guilty of the charged crime. *Mackey*, 2012 ND 159, ¶ 12, 819 N.W.2d 539. The ideal method to establish a factual basis is for the district court to ask the defendant to state, in his own words,

what he did that he believes constitutes the crime to which he is pleading guilty; however, this is not the only method. *Id.* Ultimately, in order to establish a sufficient factual basis, the court may question the defendant, the prosecution or defense counsel, inquire into the presentence report when one is available, or by whatever means is appropriate in a specific case. *Id.* In addition to questioning the parties, a trial court may determine a factual basis for the plea exists from anything appearing on the record. *Id.* at ¶ 13. Relying on the contents of the entire record in finding a plea's factual basis is consistent with the language of Rule 11(b)(3). *Id.*

[¶ 28] In *Mackey,* this Court determined, after reviewing the record, the available evidence was sufficient for the trial court to establish a valid factual basis for the guilty plea. 2012 ND 159, ¶ 15, 819 N.W.2d 539. The record, including the criminal information, testimony at the sentencing hearing, and the transcript from the sentencing hearing, established a sufficient factual basis. *Id.* Although none of the typical means for establishing a factual basis were utilized in *Mackey,* this Court determined the trial court did not err by failing to use such methods. *Id.* at ¶ 16.

[¶ 29] In this case, the district court reviewed the psychosexual risk assessment report and the victim impact statement. The court also questioned Glaser directly regarding whether he understood that he was admitting to the allegation. The record states:

> THE COURT: And you admit the allegation filed on September 24th [the affidavit of probable cause], do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Plea will be accepted . . . .

[¶ 30] Like in *Mackey,* the district court did not utilize the "typical means" for establishing a factual basis. However, we conclude the district court established a sufficient factual basis because it reviewed the record, specified the crime, and verified that Glaser understood he was admitting the allegation.

## V

[¶ 31] We affirm the district court judgment.

[¶ 32]  GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.