2015 ND 153

**Dana Eldon BAKER, Plaintiff and Appellee**

**v.**

**Marlin Michael SABINASH, Tanya Leigh Sabinash, Unison Bank, Inc., and all persons claiming an estate or interest in, or lien or encumbrance**

upon the real property described in the Complaint, Defendants

**Marlin Michael Sabinash, and Tanya Leigh Sabinash, Appellants.**

No. 20140230.

Supreme Court of North Dakota.

June 11, 2015.

James A. Reisnour, Jamestown, ND, for plaintiff and appellee.

Jack McDonald Jr. (appeared), Bismarck, ND, for defendants and appellants Marlin Michael Sabinash and Tanya Leigh Sabinash.

Douglas B. Anderson, Assistant Attorney General, Bismarck, ND, for amicus

curiae State of North Dakota, doing business as the Bank of North Dakota.

VANDE WALLE, Chief Justice.

[¶ 1] Marlin and Tanya Sabinash appealed from a corrected judgment quieting title to real property located in Stutsman County to Dana Baker. Because the district court erred as a matter of law in determining the county tax lien was superior to the interest held by the State through a Bank of North Dakota mortgage on the property, we reverse and remand for entry of judgment quieting title to the property in favor of the Sabinashes and for further proceedings consistent with this opinion.

I

[¶ 2] In 1992, Marlin Sabinash owned real property subject to a mortgage with the Bank of North Dakota. In 2001, Stutsman County property taxes were not paid on the property. The county provided both Marlin Sabinash and the Bank of North Dakota notice of a tax lien on the property requiring payment on or before October, 2006, and subsequently foreclosed on its lien. An auditor's tax deed was issued to the county in 2006, and the property was sold to Dana Baker at public auction. He received a county deed which was recorded.

[¶ 3] The Bank of North Dakota provided Baker notice of intent to foreclose on the same property in 2008 under its mortgage lien. The property was foreclosed upon and sold at a sheriff's sale to Raymond Sabinash. In 2009, Raymond Sabinash assigned his interest in the property to Marlin Sabinash, who received and recorded the sheriff's deed.

[¶ 4] Baker filed a quiet title action. Both parties moved for summary judgment to determine the superior interest and ownership of the property. The dis-

trict court granted Baker's motion and denied the Sabinashes' motion, holding that the State, through the Bank of North Dakota, was never at anytime the property owner and only held a mortgage. Although prior precedent established that the State of North Dakota's mortgage lien cannot be inferior to a county tax lien, the district court determined that was no longer applicable. It noted that the case law was decided prior to the 1943 amendments to Sections 57–28–08 and 57–28–09, N.D.C.C., which allows a county to receive a tax deed free from any encumbrances when an owner fails to satisfy a tax lien.

## II

[¶ 5] "Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result." *Hale v. Ward County*, 2012 ND 144, ¶ 12, 818 N.W.2d 697. "A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact." *Id.* "A district court's decision on a motion for summary judgment is a question of law that we review de novo on the record." *Trinity Hospitals v. Mattson*, 2006 ND 231, ¶ 10, 723 N.W.2d 684.

[¶ 6] In this case, there are no disputed issues of material fact, and the sole question presented involves the interpretation of statutes. "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Glaser*, 2015 ND 31, ¶ 13, 858 N.W.2d 920. Accordingly, this case was appropriate for resolution on a motion for summary judgment.

## III

[¶ 7] The issue presented on appeal is whether North Dakota statutes grant a county tax lien priority over a prior State mortgage lien. Relying on N.D.C.C. § 57–02–40, the Sabinashes argued the district court erred in its interpretation of N.D.C.C. §§ 57–28–08 and 57–28–09. They assert N.D.C.C. § 57–02–40 provides an exception to the priority of tax liens on real estate over the State's mortgage lien.

[¶ 8] "Statutes must be construed as a whole and harmonized to give meaning to related provisions, and are interpreted in context to give meaning and effect to every word, phrase, and sentence." *Glaser*, 2015 ND 31, ¶ 22, 858 N.W.2d 920. "In statutory interpretation, we consider the statute's context and the purposes for which the statutes were enacted." *Id.* "When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute." *Id.* "If a statute's language is clear and unambiguous, the legislative intent is presumed clear on the face of the statute." *State v. Schlotman*, 1998 ND 39, ¶ 10, 575 N.W.2d 208.

[¶ 9] As acknowledged by the district court, this Court determined prior to the 1943 Revised Code that the application of priority is as follows:

Section 2186 of the Compiled Laws makes taxes upon real estate a perpetual paramount lien thereupon against all persons and bodies corporate except the United States and the State. The term "paramount" means superior, pre-eminent, the highest in nature and rank, and establishes a rule of precedence between the State, in its levy of taxes, and private individuals. It lays down no rule to determine priority of liens held by the State itself.

Under the provisions of Section 6714 of the Compiled Laws, "Other things being equal, different liens upon the same property have priority according to the time of their creations ..." the question of paramountcy, precedence, and priority of liens against the same real estate held by the State, is determined by the time of the creation of the liens, unless otherwise provided by statute, and taxes on the real estate becoming due after the mortgage lien of the State is created are subordinate to the lien of the mortgage.

. . . .

Where the State is given a mortgage lien upon real estate, and thereafter taxes are levied against said real estate and become due after the mortgage lien is created, the tax lien and the mortgage lien are not of equal rank. However, the legislature is not precluded from establishing such rule of priority it deems best.

*State v. Divide County*, 68 N.D. 708, 709, 283 N.W. 184, 185 (1938). This decision applied the general rule that the earlier perfected lien is superior to all later liens in determining priority of a State mortgage lien against a tax lien. This holding was cited in later opinions. *See State v. Sheridan County*, 72 N.D. 254, 261–62, 6 N.W.2d 51, 55 (1942) (noting the county tax deed remained subject to the mortgage lien held by the State); *State v. Griggs County*, 72 N.D. 587, 588, 594–95, 10 N.W.2d 245, 246, 248 (1943) (noting the mortgage lien held by the State is superior to the tax lien levied subsequent to the recording of the mortgage). The district court distinguished these cases from the present case based on changes in the 1943 Revised Code:

These cases state that the lien of the mortgage owned by the State of North Dakota can't be found to be inferior to a tax lien. However, the Century Code has been amended since the Supreme Court decided any of the four named cases.

This court must adhere to the statutes as amended in 1943. It is clear that in accord with N.D.C.C. § 57–28–08 when the owner fails to satisfy a tax lien, any interest of the owner, mortgagee, or lienholder in the property passes to the county. N.D.C.C. § 57–28–09 instructs the county auditor to issue a tax deed to the county or other political subdivision which passes free from any encumbrances. It is clear that the property in question passed to the Stutsman County Auditor free of any encumbrances and remained free of encumbrances when the property was transferred to Baker.

The relevant tax lien provisions were amended in 1943 as follows:

*57–2808. Effect of Failure to Redeem.* The failure of the owner or any mortgagee, or other lienholder, to redeem such lands before the period of redemption expires, shall operate:

1. To pass all of the right, title, and interest of the owner, mortgagee, or lienholder in and to said premises, to the county by operation of law;

. . . .

*57–2809. Tax Deeds To Be Issued.* After the expiration of the period of redemption, the county auditor shall issue a tax deed to the county, in the usual form, for all real estate which was not redeemed within the period of redemption. Such tax deed shall pass the absolute property in fee to the county, free from all encumbrances whatsoever.

N.D.R.C. §§ 57–2808, 57–2809 (1943). Included after both statutes were reviser's notes stating "[r]evised for clarity" and "[c]hanged in form only, no change in meaning" respectively. The 1941 versions similarly required conveyance of title and

passing absolute property in fee to the county for failure to redeem lands from tax deed proceedings. 1941 N.D. Sess. Laws ch. 286, §§ 8–9. Based on the plain language of the statute and reviser's notes, we cannot discern any change in legislative intent through those amendments.

[¶ 10] The current version of the statutes read as follows:

*57–28–08. Effect of failure to satisfy tax lien.*

The failure of the owner, any mortgagee, or other lienholder to satisfy the tax lien before the date of foreclosure shall:

1. Pass any interest of the owner, mortgagee, or lienholder in the property to the county. The interest acquired by the county is subject to the lien for installments of special assessments certified to the county auditor or which may become due after the service of the notice of foreclosure of tax lien. The interest acquired by the county is subject to an easement or right of way recorded with an effective date that precedes the date of official notice to the record titleholder which states that property taxes are delinquent and constitute a property lien.

. . . .

*57–28–09. Tax deed to be issued.*

After the date of foreclosure for property with an unsatisfied tax lien, the county auditor shall issue a tax deed to the county or, in cases in which the state engineer has made an assessment against the property under section 61–03–21.3, the county auditor shall issue a tax deed to the state or, if the property was sold by another political subdivision of this state within the ten years preceding the foreclosure, the county auditor shall issue a tax deed to that political subdivision. The tax deed passes the property in fee to the county, the state, or political subdivision, free from all en-

cumbrances except installments of special assessments certified to the county auditor or which may become due after the service of the notice of foreclosure of tax lien, a homestead credit for special assessments lien provided for in section 57–02–08.3, and an easement or right of way recorded with an effective date that precedes the date of official notice to the record titleholder which states that property taxes are delinquent and constitute a property lien.

N.D.C.C. §§ 57–28–08, 57–28–09. The relevant provisions in both statutes appear altered from the 1943 amendments to include exceptions for special assessments and easements. However, the plain language of the current statute does not indicate any change in legislative intent as both pass title free from all other encumbrances.

[¶ 11] The 1943 version of N.D.C.C. § 57–02–40 states, "[t]axes upon real property are a perpetual paramount lien thereon against all persons, except the United States and this state" and the reviser's notes indicated the relevant portion of the amendment was "[r]evised in form" only. N.D.R.C. § 57–0240 (1943). That same language is unaltered under current law. N.D.C.C. § 57–02–40. Again, the clear and plain language of the statute does not indicate any change in legislative intent.

[¶ 12] This Court has applied the *Divide County* reasoning after the 1943 amendments in a dispute between the priority of a federal tax lien and a tax deed claimed by Stutsman County. *Glinz v. Heasley,* 142 N.W.2d 603, 605 (N.D.1966). In that case, a federal tax lien against real property was filed in February, 1954, while a tax deed based on failure to pay property taxes for the years 1954–1957 was issued and made after the federal filing. This Court cited N.D.C.C. § 57–02–40(1) in determining the federal lien was superior to

the tax lien based on order of filing and perfection of the lien. *Id.* This same principle is equally applicable to state liens, conforms with our prior case law, and makes clear that the 1943 legislative changes did not indicate a change in legislative intent.

[¶ 13] The district court failed to determine the correct order of priority for the competing liens in this matter, and the decision to grant Baker's motion for summary judgment and deny the Sabinashes' motion was in error. The Bank of North Dakota, as an entity of the State of North Dakota, retained a perfected interest in the property. This interest was prior to assessment of property taxes and the subsequent issuance of the tax lien, and the Bank of North Dakota was entitled to foreclose the mortgage. The Sabinashes, as the Bank's successor in interest, are the fee simple owners of the property.

## IV

[¶ 14] The district court noted that in ruling in Baker's favor "the issue of his payment of $4,800 to redeem the property" is moot. Because we reverse the district court's holding that Baker owns in fee simple the property in dispute, that issue may be reconsidered by the district court if appropriate in the current proceeding.

## V

[¶ 15] We reverse the district court's corrected judgment, and we remand for further proceedings and entry of judgment consistent with this opinion.

[¶ 16] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.