**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**MARCH 16, 2023**
**STATE OF NORTH DAKOTA**

**Corrected Opinion Filed 03/16/2023 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 47

State of North Dakota,                                    Plaintiff and Appellee

v.

Dondarro Jimmell Watts,                                  Defendant and Appellant

## No. 20220206

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

David L. Rappenecker (argued) and Dennis H. Ingold (on brief), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Dondarro Watts appeals from a criminal judgment after a jury found him guilty of indecent exposure. Watts argues the district court abused its discretion regarding an evidentiary ruling, the jury did not have sufficient evidence to convict him, the court erred by providing misleading jury instructions, and the court abused its discretion by requiring him to register as a sexual offender. We affirm.

I

[¶2]   While incarcerated at the Burleigh Morton Detention Center for reasons unrelated to this appeal, Watts exposed himself to a detention officer. On January 26, 2022, the State charged Watts with indecent exposure. On July 1, 2022, a jury trial was held. That same day the jury returned a guilty verdict. The district court sentenced Watts to 180 days in jail and ordered him to register as a sexual offender. Watts timely appealed.

II

[¶3]   Watts argues the district court abused its discretion when it sustained an objection by the State to a question whether the detention officer believed Watts' cell was a public place.

[¶4]   During cross-examination, the State asked the detention officer about Watts' cell:

> "Mr. Arthurs: Okay. All right. Now, how big is that cell?
>
> Officer: I don't know.
>
> Mr. Arthurs: Don't know the dimensions? If you were to stand in the cell and put both arms out, would you be able to touch both sides of the cell?
>
> Officer: No.
>
> Mr. Arthurs: Okay. So it's bigger than, like, six feet; right?

> Officer: Yes.
>
> Mr. Arthurs: Would you describe that cell as a public place?
>
> Officer: No.
>
> Mr. Ingold: Objection. That's for the jury. We've talked about it even in the instructions. I mean, it's not a proper question for a witness.
>
> Mr. Arthurs: Your Honor, I'm just asking if she would describe it as a public place.
>
> Mr. Ingold: And again, Your Honor, that's [for] the jury to decide. It's in the jury instructions, and we specifically discussed that before trial.
>
> The Court: Sustained."

[¶5] Under N.D.C.C. § 12.1-20-12.1(1)(a), an individual is guilty of a class A misdemeanor, indecent exposure, if they act with the "intent to arouse, appeal to, or gratify that individual's lust, passions, or sexual desires" by masturbating in a public place.

[¶6] N.D.R.Evid. 701 provides a lay witness can testify in the form of an opinion, if that opinion is based on perception and helpful to understanding the testimony or determining a fact issue. N.D.R.Evid. 704 states, "[a]n opinion is not objectionable just because it embraces an ultimate issue[.]" The district court instructed the jury on lay testimony:

> "Witnesses who were not testifying as experts gave testimony in the form of an opinion based on having perceived a matter. In deciding the weight and credibility, if any, to be given a witness's opinion having perceived a matter, you may consider the witness's opportunity to have perceived the matter, the witness's reasons for the opinion, and all other evidence related to that issue."

[¶7] "This Court reviews evidentiary rulings under an abuse of discretion standard." *State v. Dargbeh*, 2022 ND 3, ¶ 7, 969 N.W.2d 144. "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously or unreasonably, or it misinterprets or misapplies the law." *Id.*

[¶8] Under N.D.C.C. § 12.1-20-12.1(1)(a), one element of the crime is whether Watts performed the sexual acts in a public place. The question to the detention officer whether Watts' cell was a public place directly related to that element.

Testimony about an ultimate issue is not prohibited if offered by a person qualified to express an opinion. N.D.R.Evid. 701 and 704. The State forfeited any objection that the detention officer was not qualified to provide opinion testimony. *See State v. Pulkrabek*, 2022 ND 128, ¶ 7, 975 N.W.2d 572. The State's objection was limited to the officer's opinion going to the ultimate issue. In ruling on that objection, the district court misapplied Rule 704 and abused its discretion. Because the court misapplied the law, we consider whether Watts was prejudiced by the error.

[¶9]   Under N.D.R.Crim.P. 52, "Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." Therefore, a district court's evidentiary error does not require reversal if harmless. *State v. Azure*, 2017 ND 195, ¶ 22, 899 N.W.2d 294. "Stated simply, harmless error is error that is not prejudicial to the defendant." *State v. Acker,* 2015 ND 278, ¶ 12, 871 N.W.2d 603.

[¶10] Here, the officer was asked, "Would you describe that cell as a public place?" She responded, "No." Watts subsequently objected, and the objection was sustained. However, the officer's response was not stricken. Other courts faced with objected to, but unstricken, evidence have refused to conclude the underlying erroneous evidentiary ruling was prejudicial because the evidence remained available for the jury to consider. For example, in *U.S. v. Zaccaria*, 240 F.3d 75, 82 (1st Cir. 2001), the court held:

> "In all events, there is another, independently sufficient reason for rejecting this assignment of error: Blume answered the question and the district court did not strike his negative response. His denial was, therefore, before the jury. *E.g., United States v. Polito,* 856 F.2d 414, 419-20 (1st Cir. 1988) (holding that testimony not stricken from the record may be regarded by the jury as evidence, notwithstanding parties' mutual, but mistaken, assumption that the court had stricken it); *Tanner v. United States*, 401 F.2d 281, 290-92 (8th Cir. 1968) (explaining, in analogous circumstances, that testimony not stricken 'remained before the jury for its consideration' despite the sustaining of the opponent's objection)."

*See also Williams v. State,* 919 So.2d 250, 254 (Miss. 2005) ("It is the rule in this State that where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error.").

[¶11] We concur with the foregoing authorities and conclude evidence not stricken from the record, or for which the jury was not instructed to disregard, remains available for the jury's consideration. As a result, the jury heard the officer's opinion whether she believed the cell was a public place, and the district court's error in sustaining the State's objection was harmless.

### III

[¶12] Watts argues there was insufficient evidence to convict him of indecent exposure.

[¶13] Under N.D.C.C. § 12.1-20-12.1(1)(a), an individual is guilty of class A misdemeanor indecent exposure, if an individual acts with the "intent to arouse, appeal to, or gratify that individual's lust, passions, or sexual desires" by masturbating in a public place. A public place is not defined in N.D.C.C. § 12.1-20-12.1(1)(a), and this Court has not interpreted its meaning within the indecent exposure statute. This Court determined "[i]n criminal prosecutions for indecent exposure, other courts have defined a public place as a place where the actor might reasonably expect conduct to be seen by others." *Hougum v. Valley Memorial Homes,* 1998 ND 24, ¶ 44, 574 N.W.2d 812.

[¶14] When reviewing a sufficiency of the evidence claim after a jury verdict "[t]his Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warrant a conviction." *State v. Doll*, 2012 ND 32, ¶ 21, 812 N.W.2d 381. "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *Id.* "A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt." *State v. Gray*, 2017 ND 108, ¶ 15, 893 N.W.2d 484. "When considering

insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses." *Doll,* at ¶ 21.

[¶15] At the time of this incident Watts was incarcerated at the Burleigh County Detention Center. Watts was charged with indecent exposure after he exposed himself and masturbated in front of a detention officer. At trial, the detention officer testified regarding the incident. She described Watts' jail cell and explained Watts could be seen from anywhere in his cell, except for the shower area which had a privacy glass. As the officer approached Watts' cell, she assumed he was showering because she could see only his head above the privacy glass and there was steam in the room. The officer served Watts his food tray and confirmed he would have time to eat. As the officer walked away from Watts' cell, he asked if she wanted to see something and stepped out of the shower. When Watts came out of the shower, he was holding his penis and stroking it. The officer stated she would not have been able to see Watts was masturbating had he not stepped out of the shower area. The State also played the jury a security camera video of the incident.

[¶16] The evidence provided by the State at trial described the detention center generally, and Watts' cell area in particular. That evidence was sufficient for the jury to find Watts was guilty of indecent exposure. Watts has not shown there was no reasonable inference of guilt. Therefore, sufficient evidence exists to convict Watts of indecent exposure.

IV

[¶17] Watts argues the district court erred by providing misleading jury instructions.

[¶18] "The district court must instruct the jury on the law; however, the parties must request and object to specific jury instructions." *State v. Jacob,* 2006 ND 246, ¶ 14, 724 N.W.2d 118. "A party who objects to an instruction . . . must do so on the record, stating distinctly the matter objected to and the grounds." N.D.R.Crim.P. 30(c)(1).

Filed by Clerk of Supreme Court 03/16/2023

[¶19] "When a defendant fails to properly object to a proposed instruction . . . the issue is not adequately preserved for appellate review and our inquiry is limited . . . as to whether the jury instructions constitute obvious error affecting substantial rights." *Jacob*, 2006 ND 246, ¶ 14. The burden is on the defendant to show the alleged error was prejudicial. *Id*. "An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law." *Id*.

[¶20] Chapter 12.1-20, N.D.C.C., does not define a public place. In its proposed jury instructions the State defined the phrase as "a place where the actor might reasonably expect conduct to be seen by others. Whether an area is a 'public place' is a question of fact for you to decide." Watts filed a written objection to the State's definition and proposed the district court use the pattern jury instruction for indecent exposure, which does not contain a definition of public place. Watts argued the jury should be instructed that words not defined in a statute must be given their plain, ordinary, and commonly understood meaning.

[¶21] In the district court's final jury instructions, public place was listed as an essential element of the crime. Additionally, the instructions stated: "'[p]ublic [p]lace' has not been defined by the North Dakota Legislature within the criminal code. Whether an area is a public place is a question of fact for you to decide."

[¶22] Watts argues the district court's final jury instruction regarding the definition of public place was misleading. The record contains no indication Watts objected to the court's final jury instruction on the record. Watts properly objected to the State's proposed jury instruction. The court sustained his objection and the instruction was not given. However, Watts' only preserved his objection to the State's proposed jury instruction and not the court's final jury instruction. On appeal, Watts' claimed error relates only to the final instruction to which he did not object. Therefore, he did not preserve the issue that the final jury instruction was misleading. Since the issue was not preserved, this Court reviews the alleged error under the obvious error standard.

6

[¶23] In order to prove obvious error, Watts was required to show the court made a clear deviation from an established rule of law. As the district court's instruction accurately stated, a public place is not defined in N.D.C.C. ch. 12.1-20. Nor has a judicial decision defined the phrase for the purposes of N.D.C.C. § 12.1-20-12.1. Therefore, the court did not deviate from established law. Watts has not met his burden of showing the court's jury instructions constituted obvious error.

V

[¶24] Watts argues the district court abused its discretion by requiring him to register as a sexual offender.

[¶25] Under N.D.C.C. § 12.1-32-15(1)(g), sexual offender is defined as "a person who has pled guilty or been found guilty . . . of a violation of" one of many enumerated offenses. One of the enumerated offenses is indecent exposure. N.D.C.C. § 12.1-20-12.1. If a person has pled guilty or been found guilty as a sexual offender under N.D.C.C. § 12.1-32-15(1)(g), "[t]he court shall require an individual to register" as a sexual offender. N.D.C.C. § 12.1-32-15(2). This Court has determined "shall" creates a duty. *See State v. Glaser*, 2015 ND 31, ¶ 18, 858 N.W.2d 920. The word "may" "impl[ies] permissive, optional or discretional, and not mandatory action or conduct." *Id.* Under N.D.C.C. § 12.1-32-15(2)(b), "the court may deviate from requiring an individual to register if the court first finds" three things: 1) the individual is no more than three years older than the victim if the victim is a minor, 2) the individual has not previously been convicted as a sexual offender or of a crime against a child, and 3) the individual did not exhibit mental abnormality or predatory conduct in the commission of the offense.

[¶26] This Court reviews a district court's permissive decisions under the abuse of discretion standard. *Oien v. Oien*, 2005 ND 205, ¶ 8, 706 N.W.2d 81. "A district court abuses its discretion when it acts arbitrarily, capriciously or unreasonably, when its decision is not the product of a rational mental process leading to a reasoned determination, or it misapplies or misinterprets the law." *McDowell v. McDowell,* 2003 ND 174, ¶ 37, 670 N.W.2d 876.

7

[¶27] Here, Watts was convicted of an offense requiring him to register as a sexual offender unless certain specified conditions exist. Under N.D.C.C. § 12.1-32-15(2)(b), the district court may deviate from the registration requirement. The court held a hearing to allow both parties to argue whether deviation was appropriate. The court determined Watts did not meet the three factors allowing deviation from the registration requirement. The court did not act arbitrarily, capriciously or unreasonably and did not misapply the law because it followed the analysis required by the statute, and did not find grounds permitting deviation. Therefore, the court did not abuse its discretion by requiring Watts to register as a sexual offender.

## VI

[¶28] The district court's abuse of discretion regarding an evidentiary ruling was harmless, the State provided sufficient evidence to convict Watts of indecent exposure, the court's final jury instructions did not constitute obvious error, and the court did not abuse its discretion by requiring Watts register as a sexual offender. We affirm the criminal judgment.

[¶29] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr